```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>              Plaintiff,<br><br>     v.<br><br>7-ELEVEN,<br><br>              Defendants. | Civil No. 07-5441 (RBK) |

## AMENDED SCHEDULING ORDER IN ARBITRATION CASE

This Scheduling Order confirms the directives given to counsel during the telephone status conference on August 5, 2008; and the Court noting the following appearances: Saul Steinberg, appearing on behalf of plaintiff; and Amy Bargerhuff, Esquire, appearing on behalf of defendant.

IT IS this **5th** day of **August, 2008**, hereby **ORDERED**:

1.  Pretrial factual discovery is hereby extended to **October 31, 2008.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

2.  All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant no later than **November 17, 2008.** All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff no later than **December 17, 2008.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. E<small>VID</small>. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

3.   **Arbitration.**   This case will be scheduled for arbitration pursuant to L. C<small>IV</small>. R. 201.1  The Clerk will advise counsel of the time and place of arbitration.  By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **January, 2009**.

4.   **Joint Final Pretrial Order.**   If counsel petitions for a trial <u>de</u> <u>novo</u> after arbitration, the date for submission of the Joint Final Pretrial Order will be scheduled and the date for trial will be set.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F<small>ED</small>. R. C<small>IV</small>. P. 16(f).**

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge